**UNITED STATES, Appellee,**

v.

**Daniel D. MARTIN, Private
U.S. Army, Appellant.**

No. 67,714/AR.
CM 9101194.

U.S. Court of Military Appeals.

Argued Dec. 2, 1992.

Decided Feb. 25, 1993.

---

For Appellant: *Captain Robert H. Pope* (argued); *Lieutenant Colonel James H. Weise* and *Captain Mark L. Toole* (on brief); *Captain James M. Heaton.*

For Appellee: *Captain Richard O.I. Brown* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Edith M. Rob* (on brief); *Lieutenant Colonel Joseph A. Russelburg* and *Major Donna L. Bartlett; Kathryn L. Bunville,* Legal Intern.

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted by a special court-martial (military judge alone) of two specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, confinement for 3 months, partial forfeitures, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority reduced the confinement to 75 days but otherwise approved the sentence. The Court of Military Review affirmed the findings and sentence without opinion. We granted review on the following specified issue:

WHETHER SPECIFICATIONS 1 and 2 OF THE CHARGE ARE MULTIPLICIOUS FOR FINDINGS.

While participating in a field training exercise, appellant went to a bank automatic teller machine to make a withdrawal. When he arrived, he noticed the previous user had left his card in the machine with the account numbers already keyed in. Appellant used the account number and wrongfully withdrew $500.00. The machine's display screen then asked appellant if he wanted another transaction or the card back. Appellant opted to get the card back. Subsequently he threw the card away.

In two similar summary dispositions we have ordered a consolidation of the charges. In *United States v. Huggins,* 17 MJ 345 (CMA 1984), we agreed with the Court of Military Review that "it was improper to charge the appellant with separate offenses when the articles were all taken in one transaction." Also, in *United States v. Orr,* 20 MJ 139 (CMA 1985), we indicated "that it was improper to charge appellant with three different larcencies involving articles that were contemporaneously taken by him during ... a single housebreaking...." *See also* para.

46c(1)(h)(ii), Part IV, Manual for Courts–Martial, United States, 1984.

In this instance we have appellant contemporaneously taking items belonging to the same victim from the identical location, the automated teller machine. Following our decisions in *Huggins* and *Orr*, this was in effect one transaction requiring the consolidation of specifications 1 and 2 of the Charge.

Accordingly, it is ordered that specifications 1 and 2 of the Charge are consolidated * as the single specification of the Charge, to read as follows:

* We are satisfied that appellant was not prejudiced as to sentence by the military judge's failure to consolidate specifications 1 and 2 of the Charge prior to findings.

In that [appellant] did, at or near Grafenwoeher, Federal Republic of Germany, on or about March 12, 1991, steal an automatic teller machine card, of a value of $100.00 or less, and $500.00 in lawful currency, the property of Mr. Christopher Lawrence Steigely.

The decision of the United States Army Court of Military Review is affirmed as to the consolidated specification, the Charge, and the sentence.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.